UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| ANGELA BRONSON and PAUL HINZMAN, individually and on behalf of all others similarly situated, | Case No. |
| Plaintiffs, | |
| v. | |
| ADVANCED HOME TECHNOLOGIES, INC. D/B/A AHT WISCONSIN WINDOWS, | |
| Defendant. | |

**CLASS ACTION COMPLAINT**

### I.   INTRODUCTION

1.   As the Supreme Court explained recently, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

2.   Plaintiff Angela Bronson brings this action to enforce the consumer-privacy provisions of the TCPA alleging that Advanced Home Technologies, Inc., who does business as AHT Wisconsin Windows ("AHT Wisconsin" or "Defendant"), sent repeated telemarketing calls to her and other putative class members in the absence of an adequate "do not call" policy or training.

3. Plaintiff Paul Hinzman also alleges that these calls were made to individuals who have taken the affirmative step of registering their telephone numbers on the National Do Not Call Registry.

4. Because telemarketing campaigns generally place calls to hundreds of thousands or even millions of potential customers *en masse*, Plaintiffs bring this action on behalf of two proposed nationwide classes of similarly situated persons.

5. A class action is the best means of obtaining redress for Defendant's wide-scale illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

## II.   JURISDICTION AND VENUE

6. The Court has federal question subject matter jurisdiction over these TCPA claims. *Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740 (2012).

7. This Court has personal jurisdiction over Defendant because it conducts business in this District and made the telemarketing calls at issue into this District.

8. Venue is proper in this District because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this District, as the calls were made to Plaintiffs in this District.

## III.   PARTIES

9. Plaintiff Angela Bronson ("Plaintiff Bronson") is a natural person who resides in this District in Dane County, Wisconsin.

10. Plaintiff Paul Hinzman ("Plaintiff Hinzman") is a natural person who resides in Outagamie County, Wisconsin.

11. Defendant Advanced Home Technologies, Inc. is a domestic corporation with a registered agent of Thomas J. Meersman, 71 S Main Street, Clintonville, WI 54929.

### IV.  TCPA BACKGROUND

12. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

**A.  The TCPA's Requirement that Entities have Sufficient Policies in Place Prior to Making Telemarketing Calls**

13. The TCPA specifically required the FCC to "initiate a rulemaking proceeding concerning the need to protect residential telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object." 47 U.S.C. § 227(c)(1).

14. The FCC was instructed to "compare and evaluate alternative methods and procedures (including the use of . . . company-specific 'do not call systems . . .)" and "develop proposed regulations to implement the methods and procedures that the Commission determines are most effective and efficient to accomplish purposes of this section." *Id.* at (c)(1)(A), (E).

15. Pursuant to this statutory mandate, the FCC established company-specific "do not call" rules. *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 7 F.C.C. Rcd. 8752 (Oct. 16, 1992) ("TCPA Implementation Order").

16. These regulations are codified at 47 C.F.R. §§ 64.1200(d)(1)-(7).

17. Specifically, these regulations require a company to keep a written policy, available upon demand, for maintaining a do-not-call list, train personnel engaged in telemarketing on the existence and use of its internal do-not-call list, and record and honor "do not call" requests for no less than five years from the time the request is made. 47 C.F.R. §§ 64.1200(d)(1, 2, 3, 6).

18. This includes the requirement that "[a] person or entity making a call for telemarketing purposes must provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity can be contacted." 47 C.F.R. § 64.1200(d)(4).

19. These policies and procedures prohibit a company from making telemarketing calls unless they have implemented these policies and procedures. 47 C.F.R. § 64.1200(d).

20. Accordingly, all telemarketing calls violate the TCPA, unless Defendant can demonstrate that it has implemented the required policies and procedures.

**B.     The TCPA Prohibits Calls to the National Do Not Call Registry**

21. The TCPA also prohibits making multiple telemarketing calls to a residential telephone number that has previously been registered on the National Do Not Call Registry. *See* 47 U.S.C. § 227(c)(5).

V. **FACTUAL BACKGROUND**

**A.     Factual Allegations Regarding AHT Wisconsin**

22. AHT Wisconsin is a "home improvement company, located in Clintonville, WI, that has served local residents since 1967." https://www.ahtwindows.com/ (last visited April 14, 2021).

23. AHT Wisconsin markets "replacement windows and doors in Appleton, Green Bay, Madison, and nearby areas." *Id.*

24. One of AHT Wisconsin's strategies for marketing its products and services includes the use of telephone solicitation calls.

25. Recipients of these telephone solicitation calls, including Plaintiffs, did not consent to receive such calls.

B.   **Calls to Plaintiff Hinzman**

26.   Plaintiff Hinzman is a "person" as defined by 47 U.S.C. § 153(39).

27.   Plaintiff Hinzman's telephone number, (XXX) XXX-9263, is used for household purposes.

28.   Plaintiff Hinzman's telephone number is not associated with a business.

29.   Plaintiff Hinzman's telephone number has been on the National Do Not Call Registry since 2007.

30.   Plaintiff Hinzman has never utilized AHT Wisconsin's services and did not provide his prior express written consent to receive calls from them.

31.   However, starting in approximately May of 2020, Plaintiff Hinzman received regular calls from AHT Wisconsin for about six months.

32.   On at least three occasions, Plaintiff Hinzman asked AHT Wisconsin to stop calling him.

33.   However, the calls continued.

34.   Finally, after receiving a call in February of 2021, Plaintiff Hinzman posted a negative review for AHT Wisconsin online, and only at that point did he receive a confirmation from AHT Wisconsin that he would no longer be called, as well as an apology for not placing him on its list previously.

35.   Each of the above-described calls occurred after Plaintiff Hinzman had registered his residential telephone number with the National Do Not Call Registry.

C.   **Calls to Plaintiff Bronson**

36.   Plaintiff Bronson is a "person" as defined by 47 U.S.C. § 153(39).

37.   Plaintiff Bronson's telephone number, (XXX) XXX-4116, is used for household purposes.

38. Plaintiff Bronson's telephone number is not associated with a business.

39. Plaintiff Bronson has never utilized AHT Wisconsin's services.

40. In approximately early 2018, Plaintiff Bronson attended a Madison Mallards baseball game and entered a drawing.

41. Shortly thereafter, Plaintiff Bronson received calls from AHT Wisconsin.

42. Plaintiff Bronson received calls from AHT Wisconsin nearly every day.

43. On at least four occasions, Plaintiff Bronson asked AHT Wisconsin to stop calling.

44. However, the calls continued.

45. Plaintiff Bronson received calls on at least the following dates following her request for the calls to stop: November 16, 2020; November 19, 2020; November 27, 2020; January 7, 2021; January 12, 2021; and January 16, 2021.

46. Based on the continued calling to Plaintiff Bronson and Plaintiff Hinzman, it is clear that AHT Wisconsin does not have or utilize an Internal Do No Call list.

47. Similarly, based on its failure to process the requests, AHT Wisconsin does not have or utilize a written policy pertaining to "do not call" requests.

48. As such, to the extent a perfunctory written policy exists, AHT Wisconsin does not train its personnel on the existence or use of any internal "do not call" list.

49. Plaintiffs and other individuals who received these calls suffered an invasion of privacy and were harassed by the conduct of AHT Wisconsin.

## VI.   CLASS ALLEGATIONS

50. As authorized by Rule 23(b)(2) or (b)(3) of the Federal Rules of Civil Procedure, Plaintiffs bring this action on behalf of two Classes of all other persons or entities similarly situated throughout the United States.

51. The Classes of persons Plaintiffs propose to represent are tentatively defined as:

**National DNC Class:** All persons to whom: (a) AHT Wisconsin, and/or a third party acting on its behalf, made more than one non-emergency telephone calls; (b) promoting AHT Wisconsin services; (c) to a residential telephone number; (d) that had been listed on the National Do Not Call Registry for at least 31 days prior to the first call; and (e) at any time in the period that begins four years before the date of filing this Complaint to trial.

**Internal DNC Class**: All persons to whom: (a) AHT Wisconsin, and/or a third party acting on its behalf, made more than one non-emergency telephone calls; (b) promoting AHT Wisconsin services; (c) to a residential telephone number; and (d) who were not a current customer of the Defendant at the time of the call.

These two are collectively referred to as the "Classes."

52. Excluded from the Classes are counsel, Defendant, and any entities in which Defendant has a controlling interest, Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

53. The Classes, as defined above, are identifiable through telephone records and telephone number databases.

54. Based on the length of time in which the repeated telemarketing calls were conducted, class composition is likely in the thousands.

55. Individual joinder of these persons is impracticable.

56. Plaintiff Bronson is a member of the Internal DNC Class. Plaintiff Hinzman is a member of both Classes.

57. There are questions of law and fact common to Plaintiffs and to the proposed Classes, including but not limited to the following:

    a. Whether Defendant made calls to Plaintiffs and members of the Classes without first obtaining prior express written consent to make the calls;

      b.      Whether Defendant maintained a written "do not call" policy;

      c.      Whether Defendant trained its employees or agents engaged in telemarketing on the existence and usage of any "do not call" policy;

      d.      Whether Defendant recorded or honored "do not call" requests;

      e.      Whether Defendant's conduct constitutes a violation of the TCPA; and

      f.      Whether members of the Classes are entitled to treble damages based on the willfulness of Defendant's conduct.

58.    Plaintiffs are adequate representatives of the Classes because their interests do not conflict with the interests of the Classes, they will fairly and adequately protect the interests of the Classes, and they are represented by counsel skilled and experienced in class actions, including TCPA class actions.

59.    Common questions of law and fact predominate over questions affecting only individual Class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of Class members, which will be ascertainable from records maintained by Defendant and/or its agents.

60.    The likelihood that individual members of the Class will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

61.    Plaintiffs are not aware of any litigation concerning this controversy already commenced by others who meet the criteria for class membership described above.

### FIRST CLAIM FOR RELIEF
### Telephone Consumer Protection Act
### Violation of 47 U.S.C. § 227
### (On Behalf of Plaintiffs and the Internal DNC Class)

62.    Plaintiffs repeat the prior allegations of this Complaint and incorporate them by reference herein.

63. Defendant placed numerous calls for telemarketing purposes to Plaintiffs' and Internal DNC Class Members' telephone numbers, or others did so on its behalf.

64. Defendant did so despite not having a written policy pertaining to "do not call" requests.

65. Defendant did so despite not training its personnel on the existence or use of any internal "do not call" list.

66. Defendant did so despite not recording or honoring "do not call" requests.

67. Defendant placed two or more telephone calls to Plaintiffs and Internal DNC Class Members in a 12-month period, or others did so its on behalf.

68. Plaintiffs and Internal DNC Class Members are entitled to an award of $500 in statutory damages per telephone call pursuant to 47 U.S.C. § 227(c)(5).

69. Plaintiffs and Internal DNC Class Members are entitled to an award of treble damages in an amount up to $1,500 per telephone call, pursuant to 47 U.S.C. § 227(c)(5).

**SECOND CLAIM FOR RELIEF**
**Telephone Consumer Protection Act**
**Violation of 47 U.S.C. § 227**
**(On Behalf of Plaintiff Hinzman and the National DNC Class)**

70. Plaintiff Hinzman repeats the prior allegations of this Complaint and incorporates them by reference herein.

71. The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, by making telemarketing calls to a residential telephone number that has been on the National Do Not Call Registry for more than 31 days prior to the first call.

72. As a result of Defendant's and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf's violations of the TCPA, Plaintiff Hinzman and members

9

of the National DNC Class are entitled to an award of $500 in damages for each and every call made or up to $1,500 for each telemarketing call made deemed to be a "willful or knowing" violation.

73.  Plaintiff Hinzman and members of the National DNC Class are also entitled to and do seek injunctive relief prohibiting Defendant from making telemarketing calls to numbers on the National Do Not Call Registry, absent an emergency circumstance.

## VII.  PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, individually and on behalf of the Classes, pray for the following relief:

A.  Certification of the proposed Classes;

B.  Appointment of Plaintiff Hinzman and Plaintiff Bronson as representatives of the Internal DNC Class;

C.  Appointment of Plaintiff Hinzman as representative of the National DNC Class;

D.  Appointment of the undersigned counsel as counsel for the Classes;

E.  A declaration that Defendant and/or its affiliates, agents, and/or other related entities' actions complained of herein violate the TCPA;

F.  An order enjoining Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf from making telemarketing calls to numbers on the National Do Not Call Registry, absent an emergency circumstance.

G.  An award to Plaintiffs and the Classes of damages, as allowed by law; and

H.  Orders granting such other and further relief as the Court deems necessary, just, and proper.

### VIII. JURY TRIAL DEMANDED

Plaintiffs, on behalf of themselves and all others similarly situated, hereby demand a trial by jury on all issues in this Complaint that are triable as a matter of right.

Dated: April 14, 2021

Respectfully submitted,

 */s/ Samuel J. Strauss*
Samuel J. Strauss, SBN 1113942
TURKE & STRAUSS LLP
613 Williamson Street, Suite 201
Madison, WI 53703
Telephone: (608) 237-1775
Facsimile:  (608) 509-4423
Email: sam@turkestrauss.com

Anthony I. Paronich
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Telephone: (508) 221-1510
Email: anthony@paronichlaw.com

*Attorneys for Plaintiffs and the Proposed Classes*